UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., | ) |
| | ) CASE NO. C12-0915-RSM-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| RON FRAKER, | ) |
| | ) |
| Defendant. | ) |

Plaintiff John Demos applied for leave to proceed in forma pauperis ("IFP") with a proposed civil-rights complaint. (Dkts. 1, 1-1, 5.) Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and was sentenced to an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968 (Wash. 1980).

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ

pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and proposed actions each year.[1] *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff contends that the state supreme court recently altered aspects of his sentence and that these circumstances, coupled with other federal cases, call into question his underlying conviction. (Dkt. 1-1, at 3–4.) He therefore seeks the invalidation of his underlying conviction, a new jury trial, costs and attorney fees, appointment of counsel, and $300,000 in damages. (*Id.* at 4.)

The Court finds that plaintiff's § 1983 action may not proceed. First, none of documents cited or documents appended suggest any infirmity in the underlying conviction: the state supreme court either denied him relief or has not ruled. (Dkt. 1-1, at 12–21.) In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. Plaintiff's challenge to the fact of his current

---

[1] The Court notes that the present action is the **third** IFP application and proposed civil-rights complaint that plaintiff has filed in 2012. *See Demos v. United States*, C12-866-MJP-BAT (W.D. Wash., filed May 17, 2012); *Demos v. United States*, C12-867-TSZ-JPD (W.D. Wash., filed May 17, 2012).

confinement by way of this § 1983 action is therefore barred by *Heck*. Second, plaintiff's proposed complaint does not contain "a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted). His instant application to proceed IFP thus does not meet the "imminent danger" requirement under 28 U.S.C. § 1915(g). Third, plaintiff sues either the state or state officials in their official capacities (the State of Washington, the Governor, the State Attorney General, Superintendent Ron Fraker) or prosecutors acting in their prosecutorial roles. All of the defendants are immune from this damages suit. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

The Court recommends DENYING plaintiff's IFP application (Dkt. 5) and DISMISSING the proposed complaint without prejudice for failure to state a claim upon which relief may be granted and for suing entities immune from damages. *See* 28 U.S.C. §§ 1915(e)(2)(B(ii)–(iii), § 1915A(b)(1)–(2). Because this is the **third** IFP application and proposed action filed by plaintiff this year, a standing bar order provides that he not be permitted other such actions for the remainder of 2012. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). A proposed Order is attached.

DATED this 13th day of June, 2012.

Mary Alice Theiler
United States Magistrate Judge